IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>425 Third Street, S.W., Suite 800 )<br>Washington, DC 20024, )<br>                                  )<br>        Plaintiff, )<br>                                  )<br>v.                                   )<br>                                  )<br>UNITED STATES SECRET SERVICE, )<br>245 Murray Drive, Building 410 )<br>Washington, D.C. 20223, )<br>                                  )<br>       Defendant. ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this actions against Defendant United States Secret Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant United States Secret Service is an agency of the United States Government and is headquartered at 245 Murray Lane, Building T-5, Washington, D.C. 20223. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 11, 2015, Plaintiff submitted a FOIA request to Defendant, by certified mail and facsimile, seeking access to the following public records:

> Any and all records of communication between the United States Secret Service and Hillary Rodham Clinton concerning, regarding, or relating to creation, setup, security, and maintenance of the clintonemail.com email server.
>
> The time frame for this request is January 1, 2009 to January 31, 2009.

6. By letter dated March 27, 2015, Defendant acknowledged receiving Plaintiff's FOIA request on March 11, 2015 and assigned the request File Number 20150599.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within twenty (20) working days and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Defendant's determination was due by September 26, 2014 at the latest.

8. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9.      Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10.     Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 1, 2015                              Respectfully submitted,

                                                 /s/  Paul Orfanedes
                                                 Paul Orfanedes (D.C. Bar No. 429716)
                                                 JUDICIAL WATCH, INC.
                                                 425 Third Street, S.W., Suite 800
                                                 Washington, DC  20024
                                                 (202) 646-5172

                                                 *Counsel for Plaintiff*